116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. WAGNER, Plaintiff-Appellant,
v.
SANTA CLARA SHERIFF'S OFFICE; Ronald D. Clark, Sergeant
Internal Affairs Unit; Santa Clara County, Office of the
District Attorney; Neal J. Kimball, Supervising Deputy
District Attorney, Defendants-Appellees.
 No. 96-16495.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-20050-RMW (PVT); Ronald M. Whyte, District Judge, Presiding.
 Before NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael L. Wagner appeals pro se the district court's order dismissing without leave to amend Wagner's first amended complaint pursuant to 42 U.S.C. § 1983 against the Santa Clara County Office of the Sheriff; Ronald D. Clark, Sergeant, Internal Affairs Unit, Office of the Sheriff; Santa Clara County Office of the District Attorney; and Neal J. Kimball, Supervising Deputy District Attorney. The first amended complaint alleged that Clark and Kimball violated Wagner's civil rights by failing to apprehend and investigate Sheriff's Office personnel whom Wagner alleges deliberately misrepresented to the state court the amount of marijuana in Wagner's possession in proceedings resulting in Wagner's conviction. The first amended complaint also asserts that the Sheriff's Office and the District Attorney's Office are liable for payment of damages to Wagner resulting from the conduct of Clark and Kimball, respectively. We affirm.
 
 
 3
 The district court properly ruled that Clark and Kimball are immune to liability for the allegations set forth in the amended complaint. See Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutors are absolutely immune from personal liability for § 1983 damages for torts committed in the scope of their official duties); Meyers v. Contra Costa County Dep't of Social Services, 812 F.2d 1154 (9th Cir.), cert. denied 484 U.S. 89 (1987) (public employees are entitled to absolute immunity in performing prosecutorial-like functions).
 
 
 4
 The district court also properly dismissed the claims against the Sheriff's Office and the District Attorney's Office on the ground that the first amended complaint failed to allege the existence of any practice, policy, or custom which caused Wagner's alleged injury. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's order of dismissal as an order denying leave to proceed in forma pauperis on appeal, and we grant Wagner's motion to proceed in forma pauperis on appeal. See Fed.R.App.P. 24(a). The Clerk of the Court shall file Wagner's Informal Opening Brief (received November 13, 1996), the Appellee's Answering Brief (received December 10, 1996), and Wagner's Informal Reply Brief (received December 24, 1996)